UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID BRUCE C.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 2:18-cv-00083-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS** |

   Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Cross-Motion for Summary Judgment, ECF No. 13. The motions were heard without oral argument. Plaintiff is represented by Jeffrey Schwab; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Summer Stinson.

   For the reasons set forth below, the Court **grants** Plaintiff's motion, **denies** Defendant's motion, and **remands** this action to the Commissioner.

### Jurisdiction

   On December 24, 2013, Plaintiff filed a Title XVI application for supplemental security income. Plaintiff alleged an onset date of April 1, 2013.[1]

---

[1] The Appeals Council noted that the alleged onset date was before the denial of Plaintiff's prior application. The Appeals Council agreed with the ALJ's decision to not reopen the application period. Consequently, the alleged onset date was adjusted to August 31, 2016. AR 5.

Plaintiff's application was denied initially and on reconsideration. On March 2, 2016, Plaintiff appeared and testified at a hearing held in Wenatchee, Washington before an ALJ. Kim Mullinax participated as a vocational expert, as well as Dr. Nancy Winfrey, clinical psychologist and Dr. Arthur Lorber, M.D. Plaintiff was represented by Jeffrey Schwab.

The ALJ issued a decision on May 9, 2016, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which issued a decision on January 11, 2018, finding that Plaintiff was not disabled.

Plaintiff filed an appeal with the United States District Court for the Eastern District of Washington on March 6, 2018. ECF No. 3. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 2**

denied. 20 C.F.R. § 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can

perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was 38 years old. He has a 10-grade education. He reported that he was working on his GED. Plaintiff does not live on his own. Rather, he lives with friends and family and at times has been homeless.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 4**

He has borderline intellectual functioning (IQ 71). He previously worked as a cashier, in fast food, in roofing, as a janitor, as a lumber sorter, as a short order cook and as a stock clerk.

He has experienced two seizures, has chronic back pain and daily heartburn. He has numerous visits to the ER and/or doctors demonstrating back spasms. He complains of lower leg pain and weakness. An MRI revealed congenital deformities, but there was no acute disc herniation or severe nerve impingement.

At the time of the hearing, he was on medication for acid reflux and asthma and takes a muscle relaxer and Vicodin for pain. He also has a medical marijuana license and smokes it daily.

## The Appeals Council/ALJ's Findings

The Appeals Council adopted the ALJ's statements regarding the pertinent provisions of the Social Security Act, regulations, Social Security Rulings and Acquiescence Rulings, the issues of the case and the evidentiary facts, as applicable. AR 4. It also adopted the ALJ's findings or conclusions regarding whether Plaintiff was disabled. AR 4. It agreed with the ALJ's findings under steps 1, 2, 3, 4, and 5. AR 4. The Appeals Council concluded that Plaintiff had successfully rebutted the presumption of non-disability that was initially present as a result the denial of his previous application. AR 5.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 24, 2013, the application date. AR 26.

At step two, the ALJ found Plaintiff has the following severe impairments: obesity, lumbar degenerative disk disease, major depressive disorder, borderline intellectual functioning, neurocognitive disorder, cannabis dependence. AR 26.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 58. Specifically, the ALJ considered Listings 1.02 (Major Dysfunctions of the Joint); 1.04 (Disorders of the Spine); 11.02 and 11.03 (Epilepsy); 3.03 (Asthma); 12.02 (Neurocognitive

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 5**

Disorders), 12.04 (Depressive, Bipolar and Related Disorders), 12.05 (Intellectual Disorders) and 12.09. AR 27-28.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 C.F.R. 416.967(b). The claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. He can sit for at least 6 hours in an 8-hour day, and stand and walk for at least 4 hours in an 8-hour workday in, at most, 1-hour intervals (if someone is standing for one hour they need to sit for a period of time (15 minutes) and vice versa). The claimant can occasionally perform foot control operation with both feet. He should never climb ladders, ropes, scaffolds, kneel, crouch, or crawl. The claimant can occasionally climb ramps and stairs, and stoop. The claimant should avoid all exposure to hazards (such as moving machinery and unprotected heights) and extreme cold, vibration, and pulmonary irritants such as fumes, dusts, gasses, chemicals, and poorly ventilated areas (worse air quality than an office setting). The claimant is limited to simple, routine tasks with only occasional changes in the work setting, and work with no production, rate, or pace requirements. He can perform jobs with a General Education Development level of 3.

AR 29.

The Appeals Council agreed with this residual capacity assessment except to note that it did not agree with the limitation regarding general education development level. AR 6.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 34.

Because Plaintiff's ability to perform all or substantially all the requirements of medium work has been impeded by additional limitations, the ALJ asked the vocational expert whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and residual functional capacity. The vocational expert identified the following representative occupations: (1) storage facility rental clerk; and (2) furniture rental consultant. AR 35.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 6**

**Issues for Review**

1. *Whether the ALJ properly found that Plaintiff does not meet Listing 1.04A.*
2. *Whether the ALJ properly reviewed the medical opinions.*
3. *Whether the ALJ properly conducted an adequate analysis at Step Five.*

**Analysis**

1. *Whether the ALJ properly found that Plaintiff does not meet Listing 1.04A*

Plaintiff argues the ALJ erred in not finding that he meets Listing 1.04A.

Listing 1.04 provides:

> 1.04. Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>   A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

The ALJ concluded that Plaintiff's degenerative disc disease did not meet or medically equal the severity of listing 1.04 because "there was no evidence of nerve root compression, limitation of motion of the spine, and motor loss (atrophy with associated muscle weakness or muscle weakness (accompanied by sensory or reflex loss and positive straight leg raising tests (sitting and supine)." AR 27.

Plaintiff asserts there is evidence in the record that meets the listing of 1.04A. The evidence cited by Plaintiff, however, does not provide the necessary support. Rather, while the MRI revealed that Plaintiff did have congenital deformities, there was no acute disc herniation and no severe nerve impingement. There is nothing in the record to suggest a compromise of the nerve root. Moreover, the MRI did not reveal any specific cause for Plaintiff's right leg pain. AR 365. Dr. Ward reviewed the MRI and recommended continued conservative

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 7**

management. AR 412. While there are a few instances of positive straight leg tests, the longitudinal review of the record reveals negative straight leg tests as well. In November, 2014, Plaintiff did not describe any leg numbness or weakness to Dr. Dregnuis. AR 445.

The ALJ's conclusion that Plaintiff did not meet the Listing 1.04A is supported by substantial evidence.

2. *Whether the ALJ properly reviewed the medical opinions*

Plaintiff argues the ALJ erred in rejecting or failing to consider the opinions of examining physician, Dr. MacLennan, medical expert Dr. Winfrey, and treating physician's assistant Shellie A. Robidou.

### 1. **Dr. Catherine MacLennan, PhD**

Dr. Catherine MacLennan performed a psychological evaluation on Plaintiff. AR 454. She reported that he arrived early, but his general appearance was disheveled. He was tangential, hyperverbal and often difficult to understand. She had to ask him to repeat himself several times. There was no indication of malingering or factitious behavior.

Dr. MacLennan conducted a battery of psychological tests. Based on these tests, Dr. MacLennan concluded that Plaintiff "appeared to have cognitive limitations that would impact his functional abilities in relation to full time work and independent living." AR 466. Specifically, he has limited abilities with reasoning, limited judgment, but adequate impulse control, and lacks insight into his own condition.

She noted that Plaintiff has difficulty answering simple questions and would have difficulty with following and participating in a conversation beyond a concrete level. He has limited ability to understand and comprehend what is said to him and has difficulty with sustained concentration, pace and persistence, although he could sustain focused attention long enough to ensure the timely

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 8**

completion of simple and repetitive daily tasks at home or at work. He failed to demonstrate that he had the ability to handle money.

The ALJ granted Dr. MacLennan's opinion great weight. Presumably, the ALJ incorporated her opinion into the RFC by limiting the work performed by Plaintiff to simple, routine tasks with only occasional changes in the work setting, and work with no production, rate, or pace requirements. However, the ALJ failed to incorporate the limitations identified by Dr. MacLennen with respect to Plaintiff's difficulty with communication, *i.e.* difficulty answering simple questions, difficulty with following and participating in a conversation beyond a concrete level, and limited ability to understand and comprehend what is said to him.

The ALJ erred when formulating Plaintiff's RFC because the RFC neither incorporated Dr. MacLennan's complete opinion of Plaintiff's work limitations nor gave specific and legitimate reasons for rejecting it. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). As a result, the VE's testimony based on the flawed RFC had no evidentiary value. *See Embrey v. Bowen*, 849 F.2d 418, 422–23 (9th Cir. 1988). In evaluating Plaintiff's RFC on remand, the ALJ should address Dr. MacLennan's opinion and specifically the limitations identified with Plaintiff's communication skills.

### 2. Dr. Nancy Winfrey, PhD

Dr. Nancy Winfrey testified at the hearing before the ALJ. She noted that Plaintiff had mild limitations in social functioning, and moderate limitations in concentration, persistence and pace. AR 83. She concluded that Plaintiff should not work where there would be production quotas. She noted that it was reasonable to believe that Plaintiff would be off task a bit outside the normal range. Upon questioning, she agreed that Plaintiff would be off task six to twelve minutes an hour, up to approximately 20 percent. She concluded that Plaintiff should have simple instructions only and no visual instruction that he would have to remember.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 9**

The ALJ granted Dr. Winfrey's opinion partial weight, discounting her limitation to "no visual instruction" because it was vague, that is, it did not specify what "visual instructions" were, *i.e*. pictures, live demonstration, written words, or specifically what evidence supported it.

The ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *Tidwell v. Apfel,* 161 F.3d 599, 602 (9th Cir.1998).

The ALJ erred in discounting Dr. Winfrey's opinion because it was vague. Notably, the ALJ failed to ask Dr. Winfrey to clarify or to substantiate her testimony. Notably, she testified that she reviewed Dr. MacLennan's report and relied on that report for her conclusions.

The ALJ erred when formulating Plaintiff's RFC because the RFC neither incorporated Dr. Winfrey's complete opinion of Plaintiff's work limitations nor gave specific and legitimate reasons for rejecting it. *Lester,* 81 F.3d at 830-31. As a result, the VE's testimony based on the flawed RFC had no evidentiary value. *Embrey*, 849 F.2d at 422-23. In evaluating Plaintiff's RFC on remand, the ALJ should address Dr. Winfrey's opinion and specifically the limitations identified regarding visual instructions and the amount of time Plaintiff is expected to be off task.

### 3. **Shellie A. Rabidou**

Shellie A. Rabidou is a physician's assistant. She opined that Plaintiff has marked limitations in sitting, standing, walking, lifting, carrying, pushing, and pulling due to low back pain and radicular symptoms, and marked limitations in communicating due to depression and post-concussion syndrome.

The ALJ gave Ms. Rabidou's opinion little weight. The ALJ concluded that her opinion was not consistent with the opinions of medical experts Drs. Winfrey and Lorber, and is also inconsistent with subsequent records showing the claimant with an activity level exceeding these findings (raking, snow shoveling, basketball) or objective findings showing only slightly decreased lumbar range of motion and no neurological deficits.

Physician's assistants are defined as "other sources," and are not entitled to the same deference as treating or examining physicians. SSR 06–03p[2]; *Molina v Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ may discount testimony from these "other sources" if the ALJ "'gives reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

Here, the ALJ failed to provide germane reasons for discounting Ms. Rabidou's opinions regarding Plaintiff's communication difficulties. In evaluating Plaintiff's RFC on remand, the ALJ should address Ms. Rabidou's opinion regarding Plaintiff's and specifically his limitations with regard to communication.

3.   *Whether the ALJ properly conducted an adequate analysis at Step Five*

The ALJ concluded that Plaintiff could perform GED level 3 jobs. The Appeals Council rejected this finding because this is not included in the mental requirements for work, citing to 20 C.F.R. § 416.945 and SSR 96-8p.

"The GED levels includes the reasoning ability required to perform the job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most)." *Zavalin v. Colvin*, 778 F.3d 842, 843 (9th Cir. 2015). In *Zavalin*, the Ninth Circuit recognized there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands

---

[2] SSR 06–03p was rescinded by 82 Fed. Reg. 15263, but is applicable to claims filed before March 27, 2017.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 11**

of Level 3 Reasoning.[3] *Id.* It reasoned that a limitation to simple, routine tasks is at odds with Level 3's requirements because "it may be difficult for a person limited to simple, repetitive tasks to follow instructions in 'diagrammatic form' as such instructions can be abstract." *Id.* (quotation omitted).

Because the testimony of the VE was in response to an incomplete and possibly conflicted RFC, it has no value. In evaluating Plaintiff's RFC on remand, the ALJ should address the apparent conflict.

//
//
//
//
//
//
//
//
//
//
//
//
//

---

[3] LEVEL 2
Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

LEVEL 3
Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.
*Zavalin*, 778 F.3d at 847.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 12**

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed**. This matter is **remanded** to the Commissioner for proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 21st day of March 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR FURTHER PROCEEDINGS ~ 13**